IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

WOODMAN'S FOOD MARKET, INC.,

                                    Plaintiff,                         OPINION AND ORDER

             v.                                                        14-cv-734-slc

THE CLOROX COMPANY and
THE CLOROX SALES COMPANY,

                                    Defendants.

_____

On July 17, 2015, this court certified two orders for interlocutory appeal to the Court of Appeals for the Seventh Circuit. Dkt. 100. Two motions related to that decision are before the court: (1) plaintiff Woodman's Food Market, Inc.'s motion for reconsideration of the July 17 order, dkt. 101; and (2) a motion filed by defendants The Clorox Company and The Clorox Sales Company ("Clorox") for a stay of all proceedings pending the appeal, dkt. 103. For the reasons stated below, I am denying Woodman's motion for reconsideration and granting Clorox's motion for a stay.

OPINION

I. Motion for Reconsideration

Woodman's takes issue with two points the court made in its order certifying its February 2 and April 27, 2015 orders for interlocutory appeal: (1) all of Woodman's claims relate to Clorox's decision not to sell Woodman's certain large-sized products; and (2) whether Woodman's can obtain the relief it seeks to its remaining Sherman Act claim, namely forcing Clorox to resume direct sales to Woodman's.

As to the first issue, Woodman's disputes the notion that resolution of the large pack issue, either by this court or the court of appeals, could resolve all of its remaining Robinson-Patman Act claims. Specifically, Woodman's argues that although this court has ruled that "special packaging, or package sizes" constitutes a promotional service, the court has not been asked to address

Woodman's allegation that Clorox has failed to provide notice of what other promotional services or allowances Clorox is offering to Sam's Club or Costco, depriving Woodman's of the opportunity to take advantage of any such promotions. *See* First Am. Compl., dkt. 78 at ¶¶ 70-71, 92-93 and 119-24. In support of its argument, Woodman's points out that § 240.10(b) of the Federal Trade Commission's Guides for Advertising Allowances and Other Merchandising Payments and Services, 16 C.F.R. § 240.1 et seq., provides that a "seller has an obligation to take steps reasonably designed to provide notice to competing customers [including indirect customers] of the availability of [all] promotional services and allowances." Dkt. 102 at 5. If I understand Woodman's allegations correctly, it fears that Clorox already may have declined to notify Woodman's of other, unidentified promotional services and facilities that Clorox is offering to Woodman's competitors. Even if Woodman's could bring such a claim, I am not persuaded that I reached the wrong conclusion in the certification order.

As Clorox observes, it is not clear that the guides impose a legally-binding mandate for which Woodman's may state a claim. But even if they did, Woodman's "failure-to-notify" claim would be speculative at this point because Woodman's has not yet identified any additional promotional services on which it may be missing out. The only specific conduct discussed in the first amended complaint is Clorox's offering of large-sized products. Obviously, Woodman's doesn't know what it doesn't know, but this truism applies to the claims in every lawsuit. Fed. R. Civ. P. 8 requires a plaintiff to allege at least some facts showing why it is entitled to relief. Given the record before the court, the only promotional service in question at this point is the large-sized packaging. In any event, regardless whether Woodman's may have a claim—now or in the future—with respect to other types of promotional services, it still is appropriate for this court to certify the large-sized packaging and standing decisions because a ruling from the court of appeals will save the district court time and

2

the parties time and expense on the majority of issues in this case. *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). *See also In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 605 (7th Cir. 1997) ("fact that [issue] may in the end not prove decisive does not show that the district judge and we were wrong to certify his ruling on the issue under 28 U.S.C. § 1292(b)").

As to the standing issue, Woodman's takes issue with this court's statement that Woodman's failed to cite any authority expressly authorizing this court to order Clorox to resume direct sales to Woodman's as a remedy to a § 1 violation. As Woodman's itself recognizes, however, this court's statements concerning its authority to order a particular remedy were dicta. They did not resolve the issue. *See* Pl's Br., dkt. 102 at 15. Even if Woodman's has a viable Sherman Act claim for which it may obtain an injunction, an interlocutory appeal still has the potential to materially advance the litigation by eliminating certain claims, or at least by streamlining the issues, thereby saving time and money for the parties and saving time for the court. *See* dkt. 100 at 3-4.

Finally, Woodman's expresses concern that this court may have prematurely reached a decision on the viability of its claims under both the Robinson-Patman Act and Sherman Act; Woodman's stresses that it should not be found to have waived its rights to pursue relief on any claims that have not yet been argued on their merits before the court. Woodman's is correct that apart from the matters addressed in conjunction with Clorox's first two motions to dismiss, dkts. 20 and 63, this court has not ruled on any of Woodman's other claims or possible claims, and Woodman's has not waived any argument with respect to any other claim that it may have. Apart from expressing its concerns about some of Woodman's arguments, this court has not reached a decision on the viability of any of Woodman's claims except for those addressed in the February and April orders. That said, as noted earlier in this order, the *possibility* of other claims is not a sufficient basis for the court to rescind its order certifying an interlocutory appeal.

3

## II.  Motion for a Stay

Clorox moves for a stay pursuant to the court's inherent power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.").  In determining whether to issue a stay, courts often consider the following factors: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court."  *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).  However, the court's discretion is not boundless.  *Id.*  For example, a district court abuses its discretion when the stay is "immoderate or indefinite."  *Id.* (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)); *Hy Cite Corp. v. Regal Ware, Inc.*, 2010 WL 2079866, at *1 (W.D. Wis. May 19, 2010) (citing same).  *See also Landis*, 299 U.S. at 255 (abuse of discretion to issue stay "of indefinite duration in the absence of pressing need").  With these principles in mind, I conclude that a stay is appropriate in this case.

Although this lawsuit was filed over nine months ago, it still is in its early stages.  Woodman's has filed a complaint and an amended complaint, which Clorox has not yet answered because it has filed three motions to dismiss, the last of which recently came before the court for review.  A stay is likely to simplify the issues in question, streamline any trial and reduce the burden of litigation on the parties and the court.  As explained above and in the certification order, Woodman's standing and potential remedies in this case turn in large part on the two questions certified for interlocutory review: whether large-sized packages constitute a promotional service or facility and whether a

4

retailer who buys solely from a wholesaler can be defined as a purchaser.  Although Woodman's maintains that the interlocutory appeal will not dispose of all of its claims, staying this case until the court of appeals has had an opportunity to answer these questions has the potential to reduce all costs attendant to this lawsuit: a substantive ruling from the court of appeals will demarcate–and likely narrow–the playing field for this court and for the parties.  Finally, Clorox argues that Woodman's has not established that it will be unduly prejudiced by a stay.  Although Woodman's contends that it should be allowed to continue with discovery and litigation of its Sherman Act and failure to notify claims, it has not shown that it will suffer significant harm if it must wait to do so.  The circumstances, considered in their totality, militate toward staying this case.

ORDER

IT IS ORDERED that:

(1) Plaintiff Woodman's Food Market, Inc.'s motion for reconsideration of the July 17 order, dkt. 101, is DENIED; and

(2) Defendants The Clorox Company's and The Clorox Sales Company's motion for a stay of all proceedings pending the interlocutory appeal, dkt. 103, is GRANTED.

Entered this 13th day of August, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge